IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**GEORGE RAYMOND SPRY,**

                **Plaintiff,**

    v.                                      CASE NO. 11-3057-SAC

**DAVID R. McKUNE, et al.,**

                **Defendants.**

MEMORANDUM AND ORDER

This matter is a civil rights complaint filed by a prisoner in state custody pursuant to 42 U.S.C. § 1983. By an earlier order, the court granted plaintiff leave to proceed in forma pauperis and directed him to show cause why this matter should not be dismissed.

Plaintiff has filed two amended complaints (Docs. 13 and 15), a motion for injunction (Doc. 10), two motions for an order to show cause (Docs. 12 and 16), and other pleadings. For the reasons that follow, the court concludes this matter should be dismissed.

**Background**

Plaintiff was found guilty of misconduct in an administrative disciplinary proceeding.[1] The proceeding was delayed for reasons that are not clear in the record, however, plaintiff was afforded notice, an opportunity to testify, and a written explanation for the

---

[1] While the exact nature of the misconduct is not explained in the materials supplied by plaintiff, it appears that he failed to return to his cell when ordered to do so and was verbally abusive to a correctional officer.

decision. The sanctions imposed were a fine and restrictions; the restrictions were suspended for 180 days.

## Discussion

Plaintiff's amended complaints are similar, and the court will consider only the second amended complaint (Doc. 15), as the filing of an amended complaint ordinarily supersedes the original complaint "and renders it of no legal effect." *See Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir.1991)(internal punctuation omitted).

The amended complaint asserts three claims: (1) denial of access to the prison law library and access to the court; (2) denial of the filing of a formal complaint against a correctional officer; and (3) the violation of state administrative rules and regulations in the disciplinary proceedings.

**Denial of access to the court and prison law library**

In considering this claim, the court is guided by a recent decision entered by the United States Court of Appeals for the Tenth Circuit. In that case, a prisoner who had been transferred to another state's prison system for service of his sentence alleged he was denied access to the court because the library and legal assistance available in that district were insufficient to allow him to pursue legal remedies in his home state. The Tenth Circuit stated:

> In assessing an access-to-the-courts claim ... we must recognize that "prison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Lewis v. Casey,* 518 U.S. 343, 351 (1996)

2

>(internal quotation marks omitted). Although the right to bring constitutional claims in court may depend on access to legal materials and assistance, the state is not required to "enable the prisoner to *discover* grievances, and to *litigate effectively* once in court." *Id.* at 354. Instead, the standard for whether the government has met its obligation is whether it conferred "the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Id.* at 356. In other words, the "main concern ... is protecting the ability of an inmate to prepare a petition or complaint." *Bounds v. Smith,* 430 U.S. 817, 828 n. 17 (1977)(internal quotation marks omitted). Moreover, the contemplated litigation must be legitimate. *See Lewis,* 518 U.S. at 353 n. 3. The Constitution does not guarantee access to the courts to file frivolous claims. *See id.* Thus, [plaintiff] must allege (and ultimately show) that he "was frustrated or impeded in his efforts to pursue a nonfrivolous legal claim concerning his conviction or his conditions of confinement." *Gee [v. Pacheco],* 627 F.3d [1178], 1191 [10th Cir. 2010]. *Belden v. Lampert*, 2011 WL 6881905 (10th Cir. December 30, 2011).

Here, the plaintiff was aware of the operative facts concerning his challenge to the disciplinary action, and he knew the remedy he sought to use, namely, an action under K.S.A. 60-1501. While the complaint and attachments show that plaintiff was unsuccessful in obtaining timely access to the law library, and that he was understandably frustrated by the delay, it does not appear either that the delay in access to the law library itself prevented plaintiff from filing the action or that he had identified viable, non-frivolous legal claims. The court concludes the lack of access to the law library did not result in an actionable denial of access to the courts.

**Denial of formal complaint against staff member**

Plaintiff states the he sought to file a formal complaint against a staff member but was dissuaded by the Unit Team Manager,

who advised him to abandon the complaint and assured him that he would discuss the matter with that staff member.

It is settled in the Tenth Circuit that prison grievance procedures neither create a protected liberty interest nor implicate a prisoner's right to due process. *Murray v. Albany Cnty. Bd. of Cnty. Comm'rs,* No. 99-8025, 2000 WL 472842, at *2 (10th Cir. Apr. 20, 2000)(unpublished)("[P]rison grievance procedures do not 'give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment.'").

The facts here, which assert, at most, that plaintiff agreed to an informal resolution of his complaint after a conversation with the Unit Team Manager, do not suggest that he was deprived of a protected liberty interest.

**Violation of state regulations and rules**

Plaintiff seeks relief based upon the alleged failure of prison officials to comply with state rules and regulations in the conduct of his disciplinary proceedings. However, plaintiff's claim that prison officials failed to comply exactly with state regulations does not give rise to a federal constitutional claim cognizable in an action under § 1983. See *Jenkins v. Currier,* 514 F.3d 1030, 1033 (10th Cir.2008)("Plaintiffs alleging a violation of § 1983 must demonstrate they have been deprived of a right secured by the Constitution and the laws of the United States, and that the defendants deprived them of this right acting under color of law.") Rather, as this court explained in the initial order in this matter,

4

the United States Supreme Court has concluded that constitutionally protected liberty interests are implicated only when a prisoner is subjected to: (1) conditions that "impose[ ] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life", or (2) disciplinary actions that inevitably affect the duration of the prisoner's criminal sentence. *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

In the context of a prison disciplinary proceeding, due process is protected by the standards set out in *Wolff v. McDonnell* rather than by a strict construction of state law and regulations. *See Sandin*, 515 U.S. at 481-82 (prison regulations are "primarily designed to guide correctional officials in the administration of a prison"); *Diaz v. McGuire*, 154 Fed. Appx 81, 84-85 (10th Cir.2005)(prison regulations are not designed to confer rights on inmates, and the process which is due is measured by the due process clause), *cert. denied,* 546 U.S. 1221 (2006)). Accordingly, plaintiff's allegations that defendants violated state regulations and rules in the disciplinary proceedings against him do not state a claim for relief cognizable under § 1983.

**Motions**

Also before the court are plaintiff's motion for injunction (Doc. 10), and motions for order to show cause (Docs. 12 and 16).

The motion for injunction addresses delays in providing indigent photocopies. It appears plaintiff made a written request for copies on June 15, 2011, and, when he did not receive an

5

immediate reply, he made a second request on June 21. When he had no response by June 22, he stapled originals to a pleading and placed it in the prison mailbox on June 23. Attachments to the motion show that staff replied to plaintiff's renewed request with a note "Being processed no need to re-submit." (Doc. 10, Ex. A.)

The United States Supreme Court has stated repeatedly that the courts ordinarily should not interfere with the managerial decisions made by prison officials. *See Overton v. Bazzetta*, 539 U.S. 126, 132 (2003)(the Court "must accord substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them.") and *Turner v. Safley*, 482 U.S. 78, 85 (1987)("Prison administration is, moreover, a task that has been committed to the responsibility of those branches, and separation of powers concerns counsel a policy of judicial restraint.")

The court finds the injunction sought by the plaintiff would require an improper intrusion into daily decisions of prison management. Not only does this issue fall squarely within the ordinary decisions involved in prison management, it is clear that officials responded to the request for copies, though not as quickly as plaintiff hoped, and plaintiff was able to submit the materials in question to the court by attaching the originals. The court concludes the motion for an injunction must be denied.

Plaintiff's motions for order to show cause also are denied. Plaintiff again seeks relief in this matter based upon his claims

that prison officials violated provisions of state law and regulations. However, following the decision of the U.S. Supreme Court in *Sandin*, prisoners have a liberty interest based upon regulations only where there is an "atypical and significant hardship on the prisoner in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. The plaintiff's assertions of noncompliance are not sufficient to establish such a hardship, and the court denies the motions to enter an order to show cause.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed for failure to state a claim for relief.

IT IS FURTHER ORDERED plaintiff's motion for injunction (Doc. 10) and his motions for an order to show cause (Docs. 12 and 16) are denied.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED**.

DATED: This 18th day of January, 2012, at Topeka, Kansas.

S/ Sam A Crow
SAM A. CROW
U.S. Senior District Judge